IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-18-0215 |
| | * | |
| DEMETRIUS KEATON, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government hereby submits this memorandum in aid of sentencing the Defendant, Demetrius Keaton, scheduled for Thursday, August 26, 2021 at 3:00 p.m. The Defendant pled guilty to counts one and two of the Superseding Criminal Information filed August 29, 2019, charging Mr. Keaton with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). (ECF no. 50.)

The Government respectfully recommends a sentence of 210 months' imprisonment, to be followed by 3 years of supervised release to run concurrently on counts one and two, no fine, forfeiture pursuant to the Government's motion at ECF No. 73, and a $200 special assessment.

## FACTUAL BACKGROUND

*Facts Regarding the Instant Offense, as Agreed to in the Plea Agreement's Statement of Facts:*

On February 14, 2018, Montgomery County Police and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a search and seizure warrant at the residence of the Defendant, **DEMETRIUS KEATON ("KEATON")**, in Silver Spring, Maryland.

Law enforcement located and seized $1,910 in U.S. currency wrapped in a band near firearm ammunition located on the top shelf of the closet of the master bedroom where **KEATON** resided.

1

Law enforcement seized two firearms (a .38 special Colt revolver, bearing serial number C10071, and a Taurus PT738 .38 caliber semi-auto handgun, bearing serial number 61117E) and body armor from the top shelf of a closet in the bedroom of **KEATON**'s minor children. Law enforcement also seized 47.93 grams of cocaine base and 122.73 grams of cocaine from a shoebox on a bathroom counter.

**KEATON** was arrested and transported to the Silver Spring police station, where he was advised of his Miranda rights, signed a form indicating the same, and admitted to distributing cocaine base and possessing the above-referenced firearms, bullet-proof vest, and ammunition.

The recovered $1,910 in U.S. currency were proceeds from **KEATON**'s narcotics trafficking.

The .38 special Colt revolver, bearing serial number C10071, was test-fired and found to function as designed. It was manufactured outside of Maryland, and therefore traveled in and affected interstate and foreign commerce before **KEATON** possessed it in Maryland.

Prior to possessing the firearms and ammunition on February 14, 2018, **KEATON** had been convicted in court of an offense punishable by more than one year imprisonment (and his civil rights had not been restored), and was therefore prohibited from possessing a firearm or ammunition. At the time **KEATON** possessed the firearm and ammunition, **KEATON** knew that he had been convicted of an offense punishable by more than one year of imprisonment.

## ARGUMENT

The Government submits that a sentence of 210 months is the appropriate term of imprisonment for the Defendant, to be followed by three years of supervised release.

I.  **The Defendant's Criminal History Category is VI and His Total Offense Level is 32, Resulting in a Guidelines Range of 210-262 Months Imprisonment.**

*Total Offense Level:* The Government agrees with Probation that the Total Offense Level is 32. (PSR at ¶ 30.)

*Criminal History Category:*  The Government agrees with Probation that the Defendant's Criminal History Category is VI.  (*Id.* ¶ 45.)

*Guidelines Range:*  Given the above calculations, the Government agrees with Probation that the Defendant's guidelines range is 210-262 months' imprisonment.  (*Id.* ¶ 84.)

As set forth in the PSR, the Defendant has been convicted of a "serious drug offense" on three separate occasions: (1) on February 5, 1992 for Attempted Distribution of Cocaine in the Superior Court of the District of Columbia; (2) on September 13, 1995 for Possession with Intent to Distribute CDS in the Circuit Court for Montgomery County, Maryland; and (3) on March 22, 2002 for Possession with Intent to Distribute Cocaine in the Superior Court of the District of Columbia. (*Id*. ¶ 45.)  The Fourth Circuit has determined that the definition of a "serious drug felony" under 18 U.S.C. § 924(e)(2)(A)(ii), specifically Congress's use of the term "involving" certain conduct, "should be read expansively. . .."  *United States v. Brandon*, 247 F.3d 186, 190-191 (4th Cir. 2001). The D.C. statute at issue has also been considered in its own circuit to be an ACCA predicate.  *See United States v. Williams*, 488 F.3d 1004, 1009 (D.C. Cir. 2007) (finding that a conviction for the inchoate crime of attempted distribution of cocaine sufficiently "involved" distribution and qualified as a serious drug offense); *see also United States v. Alexander*, 331 F.3d 116, 131 (D.C. Cir. 2003) (holding that a conviction for attempting to distribute a controlled substance qualified as a serious drug offense under 18 U.S.C. § 924(e)).

With respect to the second predicate, without repeating the United States Probation Office's correct response to the Defendant's objections, the 1995 Maryland conviction for Possession with Intent to Distribute Cocaine, the Fourth Circuit has repeatedly upheld a conviction for a violation of this statute to be an ACCA predicate.  *See United States v. Washington*, 629 F.3d 403 (4th Cir.2011) (affirming that Washington's conviction for "Possession of a controlled dangerous substance, 'to wit: COCAINE,' in a quantity sufficient to indicate an intent to distribute, in violation of Art. 27, §

3

286" (statute since relocated and revised but without substantive change), is a "serious drug offense" and therefore an ACCA predicate.) *See also United States v. Hill*, 471 F. App'x 143, 163 (4th Cir. 2012) (citing *Washington*, affirming that the "bare fact of conviction" for the same offense of conviction establishes an ACCA predicate.)

With respect to the third ACCA predicate, the March 22, 2002 conviction for Possession with Intent to Distribute Cocaine in the Superior Court of the District of Columbia, the Defendant's objection in the PSR to Probation's determination that this is an ACCA predicate is also without merit. The language of 18 U.S.C. §924(e)(2)(A)(ii) does not reference the amount of time actually served by the convicted individual, so the fact that Mr. Keaton asserts that he "served no more than 4 months in jail" is irrelevant to determining ACCA eligibility. Likewise, the language of 18 U.S.C. §924(e)(2)(A)(ii) contains no limitation with respect to an otherwise qualifying prior conviction being too remote in time to count as an ACCA predicate. The Defendant's assertion that this conviction is not an ACCA predicate also must fail.

Finally, as noted in the USPO's response in the PSR to the Defendant's objection, the reliance on the First Step Act is misplaced. The mere reference to 18 U.S.C. §924(e) in one section of the United States Code does not make the language contained in that section also applicable to 18 U.S.C. §924(e). In fact, the reference in the First Step Act expressly limits the relevant definition to a section of the federal code that is *not* 18 U.S.C. §924(e). 21 U.S.C. § 802(57).

## II. A 210 month Sentence is Sufficient, But No Greater Than Necessary, to Achieve the Goals of Sentencing.

The Government submits that, considering the factors listed in 18 U.S.C. § 3553(a), a 210-month term of imprisonment, to be followed by three years of supervised release, is a sufficient—but no greater than necessary—sentence for the Defendant. A 210 month sentence of imprisonment is at the bottom of the guidelines for these offenses. (*Id.*)

A sentencing court must follow the three-step process set forth by *Gall v. United States*. *See* 522 U.S. 38 (2007).  First, the court must properly determine the Guideline range. *See id.* at 49 (citing *Rita v. United States*, 551 U.S. 338, 347-48 (2007)). Second, the court must determine whether to apply any of the guidelines' departure policy statements to adjust the Guideline range. *See id.* at 49-50. Third, the court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole, including whether a variance—a sentence outside the advisory guideline system—is warranted. *See id*.

The statutory factors for the court's consideration under 18 U.S.C. § 3553(a) include: 1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public and provide the defendant with needed services; and 3) the kinds of sentences available and the need to avoid unwarranted sentencing disparities. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661.  "If the district court decides to impose a sentence outside the guidelines range, it must ensure that its justification supports 'the degree of the variance.'" *United States v. Evans,* 526 F.3d 155, 161 (4th Cir.), *cert. denied,* 555 U.S. 977, 129 S.Ct. 476, 172 L.Ed.2d 341 (2008) (quoting *Gall,* 552 U.S. at 51).

Applying this framework, taking into account the totality of the § 3553(a) factors, a 210 month sentence of imprisonment is sufficient, but no greater than necessary, for Mr. Keaton.  The facts of this offense do not support a downward variance.  Mr. Keaton stored two firearms, ammunition, and a bullet-proof vest in the closet of his children's bedroom.  Mr. Keaton stored cocaine and cocaine base in a shoebox on the counter of the apartment's hallway bathroom directly across from his children's bedroom, rather than in his own en-suite bathroom off his bedroom.  Mr.

Keaton told law enforcement that he had dealt drugs since he was a teenager. The quantity of cocaine base seized from Mr. Keaton's bathroom, nearly 2 ounces, was almost 20 grams higher than the threshold quantity that would subject him to a Congressionally mandated minimum sentence of 60 months' imprisonment, even if it were his first criminal offense. 21 U.S.C. §841(a)(1).

Mr. Keaton has been a drug dealer for nearly thirty years, with the exception of when he has been incapacitated. In this case, he was dealing out of the apartment he shares with two young children, keeping his firearms, ammunition, and body armor in the bedroom closet of those same children, and the poison he disperses throughout the community for a fee on the bathroom sink closest to those children's bedroom. The danger this conduct poses to the community and others is plain. His conduct has made him an armed career criminal, requiring the incapacitation that Congress recognized was necessary, in certain circumstances like these, to protect the community. "'Congress enacted the Armed Career Criminal provision for the purpose of incapacitating particular repeat offenders, who it found were responsible for a large proportion of crimes involving theft and violence.'" *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995) (citation omitted). By guaranteeing a mandatory minimum sentence for repeat offenders, Congress meant to keep certain criminals who commit certain crimes out of the community for a longer period of time. Incapacitation was the goal in order to protect the law-abiding citizens of our society from individuals who are more likely to engage in "violent recidivist behavior." *Doctor*, 842 F.3d at 313 (Wilkinson, J., concurring) (discussing congressional intent behind the ACCA). The community is fortunate that the Montgomery County Police Department and ATF arrested Mr. Keaton. The tragedy that would have otherwise befallen Mr. Keaton, his significant other, his children and possibly innocent bystanders had someone decided to try to rob Mr. Keaton of his drugs, proceeds, firearms or body armor was averted. Sadly, neither that foreseeable consequence, nor his repeated involvement with the punishment and rehabilitative aspects of the criminal justice system, deterred him. A 210-month

6

guidelines sentence, though significant, is appropriate.

## CONCLUSION

For the reasons stated, as well as those presented at the sentencing hearing, the Government submits that a sentence of 210 months imprisonment, to be followed by three years of supervised release, and a $200 special assessment is an appropriate disposition of this matter.

                        Respectfully Submitted,

                        JONATHAN F. LENZNER
                        Acting United States Attorney

By:     /s/ Timothy F. Hagan, Jr.
           Timothy F. Hagan, Jr.
           Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that on this day, **August 13, 2021**, a copy of the foregoing Government's Sentencing Memorandum was electronically filed and delivered via ECF to all counsel of record in this matter.

    /s/ Timothy F. Hagan, Jr.
Timothy F. Hagan, Jr.
Assistant United States Attorney