IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. TDC-18-215 |
| | * |
| DEMETRIUS KEATON, | * |
| | * |
| Defendant | * |
| | * |
| | ******* |

## GOVERNMENT'S SURREPLY TO DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFNDANT'S SENTENCING MEMORANDUM

On March 9, 2022, the United States Court of Appeals for the Fourth Circuit decided *United States v. Hope*, 28 F.4th 487 (4th Cir. 2022). Employing an overly broad view of *Hope's* holding, the Defendant argues that none of the three predicate convictions that the United States Probation Office and the Government assert trigger an enhanced penalty under 18 U.S.C. § 924(e). In fact, *Hope* gave some clarity to determining whether certain state law violations are serious drug offenses under the Armed Career Criminal Act ("ACCA"), and applying the Fourth Circuit's approach results in each of the contested convictions being serious drug offenses.  28 F.4th 487, 503-4.

In *Hope*, the Fourth Circuit considered whether a conviction under South Carolina Code § 44-53-445 ("§ 445") was a categorical match under the ACCA, ultimately finding it was not. *Hope*, 28 F.4th at 508. In making this determination, the Fourth Circuit first had to determine whether § 445 was divisible, particularly with respect to drug type. *Id*. at 501-03.   It did so by first looking to the text of the applicable state statute, including whether the highest court in that state has determined whether that state's statute is divisible.  *See Id.* at 503-04 (Fourth Circuit's reading of § 445 *hinged* on the South Carolina Supreme Court's clarification of 445 and lack of signal that § 445 is divisible as to drug conduct); *See also Cucalon v. Barr*, 958 F.3d 245, 248,

253 (4th Cir. 2020) (first turning to the text, then to whether Virginia's state courts have determined whether the Virginia statute at issue was divisible, finding that it was divisible by substance). Here, Maryland's highest Court has determined that the Maryland statute under which Mr. Keaton was convicted is divisible as to substance. *See State v. Simpson*, 318 Md. 194, 567 A.2d 132 (1989) ("We conclude, however, that the identification of the particular controlled dangerous substance involved in a given offense is so inextricably tied to the critical matters of the appropriate unit of prosecution and the permissible or mandated punishment that it must be treated as an element of the offense.") (Attached as Exhibit 1.)

Finally, Mr. Keaton relies on an out-of-district opinion interpreting a uniquely worded Montana drug statute for the argument that the overbreadth of the state drug schedule at the time of the conviction relative to the current federal drug schedule renders conviction outside the scope of the A.C.C.A. See ECF 129 at 8, *citing United States v. Holliday*, 853 F. App'x 53 (9th Cir. 2021. But non-binding decisions in neighboring jurisdictions using the same language at issue in the case at bar have concluded that cocaine was then, and is now, part of the federal schedule, and if charged as cocaine and convicted then, there is no issue of overbreadth. *See United States v. Jones*, criminal no. 4:20-cr-6, United States District Court for the Western District of Virginia, memorandum opinion at ECF 65 (June 22, 2021)(Attached as Exhibit 2); *see also United States v. Jackson*, criminal no. 21-38-LPS, United States District Court for the District of Delaware, memorandum order (March 8, 2022) (Attached as Exhibit 3).

For these reasons and those presented at the sentencing hearing, Mr. Keaton's prior convictions trigger enhanced penalties under 18 U.S.C. § 924(e).

        Respectfully submitted,

        Erek L. Barron
        United States Attorney

        __/s/_____
        Timothy F. Hagan
        Assistant United States Attorney