IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. 18-cr-00215-TDC |
| DEMETRIUS KEATON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

### DEFENDANT'S REPLY TO GOVERNMENT'S SURREPLY TO DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO SENTENCING MEMORANDUM

In its surreply, the government argues that the Maryland General Assembly intended for the statutory subsection (Md. Crim. Law, Art. 27, § 279(b)(4) (1995)), defining, in a single sentence, the multiple variations of cocaine, to be divisible between its salts, derivatives and isomers. (Government Surreply, 2). No Maryland case has ever held or even suggested that *each* of the "salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph" (Art. 27, § 279(b)(4) (1995)), is an alternative *element* rather than *means* of the cocaine-related substances that were clumped together in a single sentence in the 1995 version of Art. 27, § 279(b)(4).

The government's reliance on *State v. Simpson*, 527 A.2d 126, 131 (Md. 1989) is misplaced. *Simpson* only held that the clearly distinct substances of heroin and cocaine, which appear in different subsections in different schedules are alternative elements. But *Simpson* did *not* hold or even hint that the variations of cocaine that appeared in a single sentence in the 1995 version of § 279(b)(4) were alternative elements. Therefore, *Simpson* is of no help to the government.

Nor is the government's citation to *United States v. Jones*, no. 4:20-cr-6 (W.D. Va. 2021)—an unpublished district court case—persuasive. In that case, the district court held that a Virginia drug statute was divisible between different isomers of cocaine. That case is inapposite here because it does not involve the Maryland provision at issue here. In any event, the district court's position in *Jones* would lead to an absurd result. Applying *Jones*' reasoning here would mean that the Maryland General Assembly intended for each variation of cocaine contained in a single sentence in a single subjection to constitute an element of the offense. If the government were correct, then if six jurors believed that the substance the defendant attempted to distribute was ioflupane and six jurors believed that the substance was ioflupane-free cocaine, they could *not* convict, and a defendant would go free even though all jurors believed that he was guilty of attempting to distribute a controlled substance within Art. 27, § 279(b)(4). Such a preposterous outcome is inconsistent with the plain text of Art. 27, § 279(b)(4), that clumps together all the variations of cocaine that constitute a controlled dangerous substance. The different variations are clearly means—not an element of an offense. It is the government's burden to prove otherwise with certainty, and its arguments fall far short of that bar.

In any event, the Court need not reach that question, because the government has nothing to say about Mr. Keaton's 1991 *attempted* distribution of cocaine conviction in the District of Columbia, which clearly is not an ACCA "serious drug offense" because it is an overbroad and indivisible offense that included drugs that the federal Controlled Substances Act (21 U.S.C. § 812) currently does not. *First,* it is overbroad for two reasons: 1) It is plain that in 1991, D.C. Statute § 48-902.06(1)(D) (previously codified at D.C. Code § 33-516(1)(D)) criminalized the "derivatives of ecognine," which included ioflupane, but the current version of the federal Controlled Substances Act excludes ioflupane. 2) The 1991 D.C. statute is also overbroad because

it criminalized hemp, but the current federal CSA does not.  *Second,*, it is crystal clear that the D.C. offense of attempted distribution of a controlled substance is indivisible by drug type because the D.C. Court of Appeals in *Seeney v. United States*, 563 A.2d 1081, 1083 (D.C. 1989) and again in *Thompson v. State*, 678 A.2d 24, 27 (D.C. 1996), held that in an attempt case, "*the government is not required to prove the identity of the substance in question.*" *Thompson*, 678 A.2d at 27 (emphasis added).  Accordingly, Mr. Keaton's 1991 *attempted* distribution of cocaine conviction in the District of Columbia is not an ACCA "serious drug offense."  The Court need go no further to conclude that Mr. Keaton is not subject to the ACCA.

Therefore, the sentencing guidelines range is 63-78 months.  Once the Court assesses the factors under 18 U.S.C. § 3553(a), it should conclude that a sentence of imprisonment at the low end of the guidelines range is sufficient, but not greater than necessary to accomplish the goals of sentence.

Respectfully submitted,

By: /s/
Stephen Mercer #12855
RaquinMercer LLC
50 West Montgomery Ave., Suite 200
Rockville MD 20850
Tel:    (301) 880 – 9250
Fax:    (833) 816 – 5605
Email:  Steve@RaquinMercer.com

*Assigned Counsel for Demetrius Keaton*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Reply to Government's Surreply was served this May 26, 2022, *via* the ECF system on all parties.

By: /s/
Stephen Mercer #12855